United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50262
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ALBERTO HERNANDEZ-PONCE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-2224
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

Jorge Alberto Hernandez-Ponce (Hernandez) appeals his
conviction and the 46-month sentence imposed following his plea
of guilty to illegally reentering the United States after
deportation.  He contends that his sentence was unreasonable in
light of the factors set forth in 18 U.S.C. § 3553(a).

Hernandez contends that the district court imposed an
unreasonable sentence in that it refused to consider the
sentencing disparity between his case and those of defendants in
districts which offer "fast-track" programs.  This court recently

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rejected a nearly identical argument, holding "[t]he refusal to factor in, when sentencing a defendant, the sentencing disparity caused by early disposition programs does not render a sentence unreasonable." United States v. Aguirre-Villa, __ F.3d __, 2006 WL 2349222 at *2 (5th Cir. Aug. 15, 2006)(No. 05-50978).

Hernandez's sentence was within a properly calculated advisory guideline range and is presumed reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Such a sentence is given "great deference," and we infer that the sentencing court considered all the factors for a fair sentence under § 3553(a). See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). We conclude that Hernandez has failed to rebut the presumption that his sentence, which was at the bottom of the applicable range under the Sentencing Guidelines, was reasonable. See Alonzo, 435 F.3d at 554-55.

Hernandez also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 46-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Hernandez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Hernandez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.