United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 06-41236

———

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICARDO FLORES-MERAS

Defendant-Appellant

———

Appeal from the United States District Court
for the Southern District of Texas
No. 2:06-CR-175

———

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ricardo Flores-Meras pleaded guilty to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2). Flores-Meras was sentenced to thirty-nine months of imprisonment, and he now appeals his sentence. We vacate and remand for resentencing.

FACTS AND PROCEEDINGS

Border patrol agents discovered Flores-Meras, a Mexican national, during a border patrol checkpoint inspection. Flores-Meras had previously been

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deported from the United States and had not applied for or received permission to re-enter from the Attorney General or the Secretary of Homeland Security. Flores-Meras pleaded guilty to violating 8 U.S.C. § 1326(a), (b)(2).

The district court determined that Flores-Meras's base offense level was eight, increased the offense level by twelve because it found that Flores-Meras had a prior conviction for a "felony drug trafficking offense for which the sentence imposed was thirteen months or less," U.S.S.G. § 2L1.2(b)(1)(B) (2005), and then reduced the offense level by three for acceptance of responsibility. This calculation resulted in an offense level of seventeen. Given Flores-Meras's criminal history category of IV, the guidelines sentencing range was thirty-seven to forty-six months of imprisonment.

Flores-Meras raised two objections to this sentencing guidelines range. First, he argued that the way in which 8 U.S.C. § 1326 treats prior convictions is unconstitutional.[1] Second, he objected to the twelve level enhancement for having committed a prior felony drug trafficking offense.

The district court rejected both of these arguments and sentenced Flores-Meras to thirty-nine months of imprisonment. Flores-Meras timely appealed.

## STANDARD OF REVIEW

This court will "review a district court's interpretation and application of the guidelines de novo and its findings of fact for clear error." United States v. Aguirre-Villa, 460 F.3d 681, 682 (5th Cir. 2006).

## DISCUSSION

Flores-Meras argues that the district court erred in applying a twelve level enhancement for having a conviction for a prior "felony drug trafficking offense for which the sentence imposed was 13 months or less." U.S.S.G. §

---

[1] While raising this issue on appeal, Flores-Meras concedes that relief is foreclosed by the Supreme Court's opinion in Almendarez-Torres v. United States, 523 U.S. 224 (1998). We reject this argument.

2L1.2(b)(1)(B) (2005). He asserts that the statute under which he was convicted punishes conduct that is broader than that covered by the sentencing guidelines definition of a "drug trafficking offense." The guidelines define a "drug trafficking offense" as

> an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 2L1.2 cmt. (1)(B)(iv) (2005).

The Colorado statute under which Flores-Meras pleaded guilty permitted conviction for possession of drugs with the intent to either sell or distribute them. COL. REV. STAT. § 18-18-405(1)(a). The relevant Colorado statutory definition of "sale" includes "a barter, an exchange, or a gift, or an offer therefor." Id. § 18-18-403(1). As such, Flores-Meras asserts that one way in which someone could violate this statute would be by possessing drugs with the intent to offer to barter, exchange, or give them as a gift, but without the intent to actually sell or otherwise distribute them.

This court has previously held that a statute permitting conviction for merely making an offer to sell drugs encompasses conduct outside of the guidelines definition of a "drug trafficking offense." See United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).[2] Because it permits punishment for possession of drugs with the intent to offer to sell or give them away, but without the intent to actually sell or give them away, we

---

[2] More recently, in United States v. Ford, ___ F.3d ___, 2007 WL 1501745 (5th Cir. May 24, 2007) (petition for panel rehearing pending), this court examined a statutory provision that (1) permitted punishment for drug possession with the intent to deliver the drugs and (2) defined "delivery" of drugs to include merely making an offer to sell drugs. The court vacated the defendant's sentence, holding that the statute of conviction was broader than the guidelines definition of a "controlled substance offense," which for relevant purposes is the same as the guidelines definition of a "drug trafficking offense." Id. at *4.

conclude that a defendant can violate COL. REV. STAT. § 18-18-405(1)(a) without committing a "drug trafficking offense" under the sentencing guidelines.

This conclusion does not end our inquiry, however. Even if the statutory definition of a crime includes conduct that does not fall within the guidelines definition of a "drug trafficking offense," the court may look to certain other pieces of evidence in seeking to ascertain whether the defendant's conviction was for conduct covered under the guidelines definition. These documents include the charging document, plea agreement, plea colloquy transcript, and other judicial records regarding the factual basis of the plea. Gonzales v. Duenas-Alvarez, 127 S. Ct. 815, 819 (2007).

The charging document, an information, is not in the record. The record does include a statement supporting Flores-Meras's plea of guilty ("guilty plea statement"), which he signed. Contained in this statement is the following sentence: "I wish to plead guilty to the offense of Possession With Intent to Distribute a Controlled Substance — Schedule II, a Class III Felony, as set out in Count One of the Information."

Following this statement, Flores-Meras continued:

> The elements of the offense of Possession With Intent to Distribute a Controlled Substance — Schedule II to which I am pleading guilty are:
> 1. That the defendant, Ricardo Flores-Meraz [sic],
> 2. in the State of Colorado, County of Garfield, on or about December 7, 2004,
> 3. knowingly possessed or attempted to possess,
> 4. with intent to sell or distribute
> 5. methamphetamine.

On the same page of the guilty plea statement is the following definition of "sale": "'Sale' means a barter, an exchange, or a gift, or an offer therefor, and each such transaction made by any person, whether as the principal, proprietor, agent, servant, or employee." (emphasis added).

The district court concluded, and the government urges on appeal, that Flores-Meras's statement that he wished to plead guilty to drug possession "With Intent to Distribute" constituted an admission that he possessed the drugs with an intent to distribute them, not sell them. On the government's view, this admission places his conviction within the guidelines definition of a "drug trafficking offense" and thereby justifies the twelve level enhancement.

Flores-Meras responds that this declaration in the guilty plea statement was merely a recitation of the title of the offense, rather than an assertion that he was pleading to a particular version of the statutory language. The government correctly points out that the statutory title of COL. REV. STAT. § 18-18-405 is "Unlawful distribution, manufacturing, dispensing, sale, or possession," not "Possession With Intent to Distribute a Controlled Substance — Schedule II."

Flores-Meras also indicates that his purported "admission" is followed by a recitation of the elements of the crime, including "intent to sell or distribute" as well as a definition of "sale," which would be superfluous if Flores-Meras was specifically pleading to the possession with intent to distribute sub-species of the statute, rather than the statute as a whole. He argues that these inclusions rebut the notion that the previous sentence was a description of a narrower set of offense characteristics to which he was admitting.

We agree. Accordingly, we hold that the district court clearly erred in finding that Flores-Meras, in his guilty plea statement, specifically admitted to possession with intent to distribute. The Supreme Court has stated that "once the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." Williams v. United States,

503 U.S. 193, 203 (1992); see also United States v. Davis, 478 F.3d 266 (5th Cir. 2007) (relying on Williams post-Booker). This error was not harmless.

CONCLUSION

Flores-Meras's sentence is VACATED, and this matter is REMANDED for resentencing.