# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-50624
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RODOLFO LOPEZ-GONZALEZ, also known as Rudolfo Lopez

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-128-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rodolfo Lopez-Gonzalez appeals his sentence following conviction for being found illegally in the United States following a prior deportation. 8 U.S.C. § 1326(a), (b). The government moved for summary affirmance, arguing that all of Lopez-Gonzalez's arguments are foreclosed by our precedent or Supreme Court precedent. We agree with the government, and grant summary affirmance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lopez-Gonzalez argues that his sentence was unreasonable under 18 U.S.C. § 3553(a)(6) and United States v. Booker, 543 U.S. 220 (2005), because defendants in other districts receive sentences below the Guidelines' range as a result of fast-track departures. According to Lopez-Gonzalez, the district court should have taken into consideration the fact that the jurisdiction in which he was sentenced did not provide for fast-track departures, and reduced his sentence to draw it in line with those jurisdictions that do offer fast-track options. Lopez-Gonzalez's argument is foreclosed by circuit precedent. See United States v. Aguirre-Villa, 460 F.3d 681, 683 (5th Cir.), cert. denied, 127 S. Ct. 3053 (2007), (holding that a district court's refusal to factor in the sentencing disparity caused by early disposition programs does not render a sentence unreasonable under Booker); see also United States v. Gomez-Herrera, No. 07-10153, )) F.3d )) , 2008 WL 886091 (5th Cir. April 3, 2008), (reaffirming Aguirre-Villa and holding that Kimbrough v. United States, 128 S. Ct. 558 (2007) did not impact our decision in Aguirre-Villa).

Lopez-Gonzalez argues that the district court erred by considering two of his convictions as separate offenses, when they should have been counted as a single offense in calculating his criminal history. Lopez-Gonzales was convicted of a robbery charge in 1997 and sentenced to probation. He was convicted and sentenced for aggravated battery in 2002, which violated his probation. Lopez-Gonzales received his 2002 sentence and had has 1997 probation revoked in a consolidated sentence. Lopez-Gonzalez contends that the robbery and battery offenses were related because they had been consolidated for sentencing. Lopez-Gonzalez does not dispute that the sentences were imposed for factually distinct offenses, with separate arrests. When sentences for factually distinct offenses are imposed "on the same day and/or in the same proceeding," those offenses are not considered related under the sentencing guidelines manual § 4A1.2. United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998). Further, it was the revocation of parole related to the 1997 offense, not the offense itself, that was

consolidated with the 2002 offense for sentencing. The district court did not err in determining that Lopez-Gonzalez's convictions were unrelated for the purpose of calculating his criminal history.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Lopez-Gonzalez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008) (No. 07-6202).

Given the foregoing, the Government's motion for summary affirmance is GRANTED, and its alternative motion for an extension of time to file a brief is DENIED as moot. The district court's sentence is AFFIRMED.