# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 10-50183
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGEL RAMON GRADO-SAENZ, also known as Angel Grado-Saenz,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3028-1

Before KING, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Angel Ramon Grado-Saenz challenges his 60-month sentence following his guilty plea to attempted illegal reentry following deportation and false personation in immigration matters. Grado-Saenz concedes that precedent forecloses his argument that the lack of an empirical basis for U.S.S.G. § 2L1.2 precludes an appellate presumption that his sentence is reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50183

Grado-Saenz contends that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Grado-Saenz avers that the guidelines range overstated the seriousness of his offense because his conduct was not violent and that the guidelines range did not properly account for his personal history and characteristics, including his motive for reentering.

We review the sentence for reasonableness. *See Gall v. United States*, 552 U.S. 38, 56 (2007). Because it is within the properly calculated guidelines range, Grado-Saenz's sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 350-51 (2007); *Mondragon-Santiago,* 564 F.3d at 366. Grado-Saenz offers no persuasive reason for us to disturb that presumption. *See Gall*, 552 U.S. at 51; *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

AFFIRMED.