# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 21, 2011

Lyle W. Cayce
Clerk

No. 10-50518
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NESTOR HERNANDEZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-459-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Nestor Hernandez-Hernandez appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States. He contends that the sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a); that U.S.S.G. § 2L1.2 is not empirically based, overstates the seriousness of his offense, and results in unjust double counting; and that the Guidelines failed to take into account his personal circumstances, including his motive of returning to his family. Hernandez-Hernandez asserts that the offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50518

of illegal reentry is not a crime of violence, did not pose a danger to others, is not evil in itself, and is "at bottom, an international trespass."

Hernandez-Hernandez has not shown that the district court abused its discretion in imposing his 71-month sentence. This court has previously rejected the argument that a sentence under § 2L1.2 is unreasonable because § 2L1.2 is not empirically based and results in unjust double counting. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). This court has also rejected the argument that a guidelines sentence for illegal reentry is unreasonable because it is a mere trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). The district court considered Hernandez-Hernandez's arguments for a lesser sentence, as well as the § 3553(a) goals of promoting respect for the law, deterring criminal conduct, and protecting the public from further crimes of the defendant. The district court ultimately refused to sentence him below the advisory guidelines range due to his criminal history. Hernandez-Hernandez's mere disagreement with the sentence does not suffice to rebut the presumption of reasonableness that attaches to a sentence within the advisory guidelines range. *Cf. United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.