# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 7, 2011

Lyle W. Cayce
Clerk

No. 09-50601
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO CARDONA-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-51-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ricardo Cardona-Rodriguez pleaded guilty to illegal reentry after deportation and was sentenced to 30 months of imprisonment and three years of supervised release. He challenges the substantive reasonableness of his sentence, arguing that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a); that the Guideline for illegal reentry, U.S.S.G. § 2L1.2, "systematically overstates the risk of recidivism and the risk of danger that illegal reentry defendants pose" by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

giving too much weight to a prior conviction to increase the offense level; that his prior conviction was 10 years old; that a sentence within the advisory guideline range should not be afforded the appellate presumption of reasonableness, citing *Kimbrough v. United States,* 552 U.S. 85, 109-11 (2007); and that the guideline range overstated the seriousness of the offense, which was essentially an international trespass, and failed to account for his personal history and characteristics as a hard-working man just seeking to look for work and help his family.

Cardona-Rodriguez did not make any objections to his sentence or argue in the district court that his sentence was unreasonable.  Therefore, his arguments are reviewable only for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (requiring objection to substantive unreasonableness of sentence to preserve error).

Although Cardona-Rodriguez challenges the application of the appellate presumption of reasonableness to sentences imposed under § 2L1.2, he acknowledges that the issue is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). We have previously rejected the argument that illegal reentry is merely a trespass offense that is treated too harshly under § 2L1.2. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  It is not unreasonable to impose an enhancement under § 2L1.2 when the enhancing conviction is too old to receive criminal history points. *See* § 2L1.2, cmt. n.1(B)(vii) (indicating that the date of the predicate conviction is not a relevant inquiry for purposes of § 2L1.2).

The district court heard the arguments of Cardona-Rodriguez and his counsel concerning his reasons for reentering the United States before imposing a sentence within the advisory guideline range.  The district court considered Cardona-Rodriguez's personal history and characteristics noted above and the other statutory sentencing factors in § 3553(a) prior to imposing a sentence

within the Guidelines. Cardona-Rodriguez's within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Cardona-Rodriguez has failed to show that the presumption should not apply. The district court did not abuse its discretion, much less plainly err, in imposing a sentence within the advisory guideline range. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007). Accordingly, the judgment of the district court IS AFFIRMED.