**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 12, 2011

Lyle W. Cayce
Clerk

No. 10-50754
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO ANTONIO ROMERO-ACOSTA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:10-CR-144

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Romero-Acosta appeals the 70-month within-Guidelines sentence imposed following his guilty plea to illegal reentry in violation of 8 U.S.C. § 1326. He argues that his sentence is substantively unreasonable because it was greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He points out that U.S.S.G. § 2L1.2 is not empirically based and, therefore, there is no reasoned basis for the double counting of a defendant's criminal record in establishing his Guidelines range. Romero asserts that the presumption of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50754

reasonableness should not be applied to a sentence calculated under this Guideline. He further urges that the Guidelines failed to account for his family history, including that Romero lived in the United States since he was five-years-old and has several children who are U.S. citizens.

Because Romero did not object to the reasonableness of the sentence at the sentencing hearing, review is for plain error only.[1] To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.[2] If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.[3]

This court has previously rejected Romero's argument that his sentence is unreasonable because the illegal reentry Guideline is not empirically based and results in the double counting of his criminal history.[4] Romero's contention that his sentence is unreasonable because his reentry offense was a mere trespass offense has also been rejected by this court.[5] Further, the court has determined that a sentence calculated under § 2L1.2 is not unreasonable simply because the alien entered the country to find work, lived in the United States for most of his life, or reentered to be with his family.[6]

"[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."[7] When the

---

[1] *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

[2] *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

[3] *Id.*

[4] *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

[5] *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

[6] *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

[7] *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

No. 10-50754

district court imposes a sentence within a properly calculated Guidelines range and gives proper weight to the Guidelines and § 3553(a) factors, this court gives "great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence."[8]  Here, the district court considered Romero's arguments and rejected them, noting that Romero had an extensive criminal history and that his conduct warranted a Guideline sentence to deter his criminal behavior and to protect the public from his drug-trafficking activities.[9] Romero has failed to overcome the presumption of reasonableness that attaches to a within-Guidelines sentence and has not shown reversible plain error on the part of the district court in imposing sentence.[10]  The sentence is AFFIRMED.

---

[8] *Id.* at 338 (internal quotation marks and citation omitted).

[9] *See Gomez-Herrera*, 523 F.3d at 565-66.

[10] *See Puckett*, 129 S. Ct. at 1429.