# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2012

No. 11-50364
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANTONIO MARINELARENA-RAMOS, also known as Rafael Ramos
Diaz, also known as Miguel Marinelarena,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2384-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Miguel Antonio Marinelarena-Ramos (Marinelarena) appeals the sentence imposed upon his guilty plea conviction for illegal reentry and improper use of another's passport. *See* 8 U.S.C. § 1326(a); 18 U.S.C. § 1544. He argues that his within-guidelines sentence of 27 months is unreasonable in that it is greater than necessary to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a). He contends that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

flawed because it is not empirically based and it double counts his prior drug trafficking conviction. For these reasons, Marinelarena contends that the presumption of reasonableness afforded to within-guidelines sentences should not be applied to his sentence. The Guidelines also failed to account for the seriousness of his illegal reentry offense, he argues, in that it was essentially nothing more than an international trespass. Finally, Marinelarena argues that the Guidelines did not account for his personal history and circumstances and that the district court did not give enough weight to this factor.

Because Marinelarena did not object to the reasonableness of the sentence imposed and he did not raise in the district court the issues he seeks to raise on appeal, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir. 2009). Marinelarena's argument that plain error does not apply is, as he concedes, foreclosed. *Id.* To show plain error, Marinelarena must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

As Marinelarena concedes, his argument that § 2L1.2 lacks an empirical basis and involves double-counting of a prior offense is foreclosed. *Mondragon-Santiago*, 564 F.3d at 366-67; *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). He recognizes that *Mondragon-Santiago* also forecloses his argument that the presumption of reasonableness should not be applied to a sentence calculated under the allegedly empirically flawed § 2L1.2. *See Duarte*, 569 F.3d at 529-30.

This court has implicitly rejected the argument that the Guidelines overstate the seriousness of illegal reentry because it is simply an international trespass. *See, e.g., United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

As for the court's consideration of his personal history and circumstances, the record shows that the district court considered the arguments Marinelarena made at sentencing, the facts of the case, and the appropriate statutory sentencing factors before concluding that a within-guidelines sentence was appropriate. Further, the record does not suggest that district court considered any irrelevant or improper factors or that it made an error in judgment in weighing the sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Marinelarena's disagreement with the district court's assessment of an appropriate sentence is insufficient to establish plain error and to rebut the presumption that his sentence is reasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.