United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

No. 05-50978

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROBERTO AGUIRRE-VILLA,
a/k/a Jose Hernandez,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:

This is a post-*Booker* case in which Appellant Roberto Aguirre-Villa ("Aguirre-Villa") challenges the reasonableness of his sentence under *United States v. Booker*, 543 U.S. 220 (2005), and the constitutionality of his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm his sentence.

I.

In 2004, Aguirre-Villa pled guilty to illegal reentry and was sentenced to 77 months in prison. In 2005, this Court granted the parties' agreed motion to remand for resentencing post-*Booker*.

At resentencing, Aguirre-Villa asked the district court to impose a sentence below the applicable guideline sentencing range. He argued that a sentence within the applicable 77 to 96 month range would be unreasonable because the Western District of Texas lacked a U.S.S.G. § 5K3.1 "early disposition" program, which would have permitted a downward departure of up to four levels in a district with such a program. Prior to his initial sentencing, Aguirre-Villa had also challenged (under *Apprendi*) the sixteen-level enhancement imposed by the court for a prior aggravated felony conviction.

The district court rejected Aguirre-Villa's *Apprendi* challenge and decided that although the guideline range would have been lower (52 to 78 months instead of 77 to 96 months) had Aguirre-Villa been arrested in an adjacent district (the District of New Mexico), it would reimpose a 77-month sentence. Aguirre-Villa timely appealed.

II.

A.  *Booker* Challenge

Post-*Booker*, we continue to review a district court's interpretation and application of the guidelines *de novo* and its findings of fact for clear error. *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006) (citing *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005); *United States v. Creech*, 408 F.3d 264, 270 & n.2 (5th Cir.), *cert. denied*, 126 S. Ct. 777 (2005)).  The district court's sentence is reviewed for

2

reasonableness. *Id.* (citing *Booker*, 543 U.S. at 261; *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005)). "In determining an appropriate sentence, a district court must consider as guideposts a properly calculated guideline range and the sentencing factors in 18 U.S.C. § 3553(a)." *Id.* (citing *Mares*, 402 F.3d at 518-19; *United States v. Duhon*, 440 F.3d 711, 714 (5th Cir. 2006)). "If a district court sentences a defendant within a properly calculated guideline range, that sentence enjoys a presumption of reasonableness." *Id.* (citing *United States v. Alonzo*, 435 F.3d 551, 553-54 (5th Cir. 2006)).

In this case, the district court sentenced Aguirre-Villa within the applicable guideline range. In fact, it sentenced him to the shortest sentence in that range, 77 months. Accordingly, his sentence is entitled to a presumption of reasonableness. Aguirre-Villa has not overcome that presumption. Aguirre-Villa's only challenge to the reasonableness of his sentence is that it does not fully account for the factors contained in 18 U.S.C. § 3553(a), specifically § 3553(a)(6), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." According to Aguirre-Villa, his sentence failed to reflect the need to avoid a sentence disparity among defendants convicted in districts with early disposition programs and defendants convicted in districts without such programs.

The refusal to factor in, when sentencing a defendant, the sentencing disparity caused by early disposition programs does not render a sentence unreasonable. Section 3553(a)(6) is but one factor in a list of factors to be considered; moreover, the U.S. Sentencing Commission must have thought the disparity warranted when it authorized early disposition programs without altering § 3553(a)(6). *See United States v. Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir. 2006); *United States v. Montes-Pineda*, 445 F.3d 375, 379-80 (4th Cir. 2006); *United States v. Galicia-Cardenas*, 443 F.3d 553, 555 (7th Cir. 2006); *United States v. Martinez-Martinez*, 442 F.3d 539, 543 (7th Cir. 2006); *United States v. Jimenez-Beltre*, 440 F.3d 514, 519 (1st Cir. 2006) (en banc); *United States v. Sebastian*, 436 F.3d 913, 916 (8th Cir. 2006); *United States v. Morales-Chaires*, 430 F.3d 1124, 1131 (10th Cir. 2005); *United States v. Martinez-Flores*, 428 F.3d 22, 30 n.3 (1st Cir. 2005); *United States v. Hernandez-Cervantes*, 161 F. App'x 508, 512 (6th Cir. 2005). We agree with the Eighth Circuit's reasoning in *Sebastian* that

> to require [a] district court to vary from the advisory guidelines based solely on the existence of early disposition programs in other districts would conflict with the decision of Congress to limit the availability of such sentence reductions to select geographical areas, and with the Attorney General's exercise of prosecutorial discretion to refrain from authorizing early disposition agreements in [the district in question].

436 F.3d at 916. Furthermore, in this case, even if the district

court had afforded a two-level downward departure (as accorded in New Mexico) based on disparity in sentencing, Aguirre-Villa's 77-month sentence would still have fallen within the advisory guideline range: 52 to 78 months, as calculated with the downward departure. Therefore, after review of the briefs and the record, we are convinced that Aguirre-Villa's sentence is reasonable under *Booker* and Fifth Circuit precedent.

B.   *Apprendi* Challenge

Aguirre-Villa recognizes that his *Apprendi* challenge is foreclosed by circuit precedent and raises it only to preserve it for possible Supreme Court review. *See United States v. Valdez-Maltos*, 443 F.3d 910, 912 (5th Cir. 2006).

## III.

Accordingly, Aguirre-Villa's sentence is AFFIRMED.