United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-11262
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BALDEMAR CAMPUZANO NAVARRO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 4:06-CR-102-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Baldemar Navarro appeals his guilty-plea conviction of and sentence for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326. He argues that his sentence is unreasonable and, additionally, a denial of due process

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and equal protection because it is longer than similarly situated defendants who are sentenced in districts with "fast-track" sentencing programs. His contention that sentencing disparities created by fast-track programs rendered his sentence unreasonable is foreclosed by <u>United States v. Aguirre-Villa</u>, 460 F.3d 681, 682 (5th Cir. 2006), <u>pet. for cert. filed</u> (Nov. 13, 2006) (No. 06-7792). Moreover, he has not established under plain error review that restricting the fast-track program to only certain geographic locations results in due process and equal protection violations. <u>See</u> <u>United States v. Marcial-Santiago</u>, 447 F.3d 715, 719 (9th Cir.), <u>cert. denied</u>, 127 S. Ct. 309 (2006).

Navarro challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. That constitutional issue is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Navarro contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule it in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir. 2005). <u>See</u> <u>Rangel-Reyes v. United States</u>, 126 S. Ct. 2873 (2006). Navarro properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Navarro contends that the district court violated FED. R. CRIM. P. 11(b)(1) by failing to inform him of the "aggravated felony" provision of 1326(b)(2). He concedes that this issue is also foreclosed by Almendarez-Torres.

AFFIRMED.