United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10509
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORY I. PARIS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-10-ALL

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Cory I. Paris challenges his sentence following his guilty plea conviction for six counts of wire fraud, one count of bank fraud, and three counts of transportation of stolen goods in interstate commerce. Paris argues that the district court failed to follow the application notes to U.S.S.G. § 2B1.1 when it considered that the eBay sales prices underrepresented the retail value of the items sold on eBay. He asserts that the eBay sales price was the fair market value upon which the district court

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have based its estimate of the amount of loss related to the items sold on eBay.

Because Paris did not raise this argument in the district court, we review for plain error. United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). Paris has cited no relevant authority showing that when stolen items are sold on eBay, the district court must base its loss estimation only on the eBay sales price. Accordingly, Paris has not shown that the district court erred, plainly or otherwise, in its method of estimating the amount of loss.

Paris states that "due to the court's failure to follow the policy statement of the guidelines in computing the fair market value of the loss, it neglected to consider his personal property as a credit against the loss." He has not adequately briefed any argument about credit against losses and any such argument is deemed abandoned. See United States v. Thames, 214 F.3d 608, 612 n.3 (5th Cir. 2000); United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991). Similarly, Paris has not adequately briefed and, thus, has abandoned any argument regarding the district court's factual findings of the amount of loss. To the extent Paris makes such arguments adequately for the first time in his reply brief, we decline to address them. See United States v. Aguirre-Villa 460 F.3d 681, 683 n.2 (5th Cir. 2006).

**AFFIRMED.**