# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-10925
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE VENCES-CASTENEDA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-63-1
USDC No. 3:07-MJ-0041-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Jose Vences-Casteneda (Vences) appeals his sentence following his guilty-plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. Vences contends that the district court was improperly prevented from considering during sentencing the disparity caused by the lack of an early disposition sentencing program in the Northern District of Texas. Specifically, he contends that this court's ruling in United States v. Aguirre-Villa, 460 F.3d 681, 682-83

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2006), cert. denied, __ U.S. __ (2007)(No. 06-7792), which held that sentencing courts do not err by refusing to factor in such disparities, was overruled by the Supreme Court's decision in Kimbrough v. United States, 128 S. Ct. 558 (2007). Although the parties disagree regarding the applicable standard of review, this court need not resolve the disagreement because Vences's argument fails regardless of which standard is applied. We rejected precisely the same argument in United States v. Gomez-Herrera, 523 F.3d 554, 562-64 (5th Cir. 2008).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Vences challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.