**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-51053
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE BENITO ANAYA-DE ANDA, also known as Jose Benito Anaya,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1177-ALL

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Benito Anaya-De Anda (Anaya) pleaded guilty to illegally reentering the United States following deportation and was sentenced to a 41-month term of imprisonment. Anaya concedes that precedent forecloses his argument that the nonexistence of a fast-track program in the judicial district in which he was sentenced results in an unfair disparity between his sentence and sentences imposed in districts having such programs. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008). He also concedes that  precedent forecloses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his argument that the lack of an empirical basis for U.S.S.G. § 2L1.2 precludes an appellate presumption that his sentence is reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099).

Anaya asserts that the district court failed to consider that his criminal history was overrepresented and further asserts that his sentence was excessive. He contends that his offense was at bottom merely an international trespass and that his sentence was too severe for the crime. The district court considered Anaya's arguments for a sentence below the range set by the Sentencing Guidelines but determined that a sentence at the low end of that range was appropriate.

We review a sentence for reasonableness. *See Gall. v. United States*, 128 S. Ct. 586, 596-97 (2007). Because it is within the properly calculated guidelines range, Anaya's sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2462 (2007); *Mondragon-Santiago,* 564 F.3d at 361. Anaya offers no good reason for us to disturb that presumption. *See Gall*, 128 S. Ct. at 597 (stating that "the fact that the appellate court might reasonably [conclude] that a different sentence [is] appropriate is insufficient to justify reversal of the district court"); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (rejecting contentions that the defendant had committed what was "'at bottom'" merely "an international trespass" and that his within-guidelines sentence was too severe for the crime and thus unreasonable).

AFFIRMED.