# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-50777
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 13, 2010

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE GALVAN-MORENO,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1290-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jorge Galvan-Moreno pleaded guilty of illegally reentering the United States following deportation and was sentenced to a 46-month term of imprison-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ment. He concedes that precedent forecloses his argument that the nonexistence of a fast-track program in the judicial district in which he was sentenced results in an unfair disparity between his sentence and those imposed in districts having such programs. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008). He also concedes that precedent forecloses his argument that the lack of an empirical basis for U.S.S.G. § 2L1.2 precludes an appellate presumption that his sentence is reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Galvan-Moreno asserts that the district court failed to consider that his criminal history was overrepresented and further avers that his sentence was excessive. He contends that his offense was, in essence, merely an international trespass, and his sentence is too severe for the crime. The district court considered Galvan-Moreno's arguments for a sentence below the sentencing guideline range but determined that a sentence at the low end of that range was appropriate.

We review a sentence for reasonableness. *See Gall v. United States*, 552 U.S. 38, 56 (2007). Because it is within the properly calculated guideline range, Galvan-Moreno's sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 350-51 (2007); *Mondragon-Santiago,* 564 F.3d at 361. Galvan-Moreno offers no good reason for us to disturb that presumption. *See Gall*, 552 U.S. at 51 (stating that "the fact that the appellate court might reasonably [conclude] that a different sentence [is] appropriate is insufficient to justify reversal of the district court"); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (rejecting contentions that the defendant had committed what was "'at bottom'" merely "an international trespass" and that his within-guideline sentence was too severe for the crime and thus unreasonable).

AFFIRMED.