# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2010

No. 09-10687
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMMANUEL UKO AKPAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-36-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Emmanuel Uko Akpan challenges his guilty-plea convictions of health-care fraud, in violation of 18 U.S.C. § 1347, and of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957. In doing so, he contends the district court abused its discretion by denying his motion to withdraw his guilty plea, pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In determining whether a district court abused its discretion in denying such a motion, our court considers a number of factors, including, but not limited to, assertions of innocence, delay in moving to withdraw, the availability of close assistance of counsel, and the voluntariness of the plea. *See United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

All of these factors weigh against Akpan's motion being granted. Akpan's unsupported assertion of innocence is not credible, especially in the light of his sworn assertions at rearraignment. *See United States v. McKnight,* 570 F.3d 641, 649 (5th Cir. 2009). Although there was testimony that Akpan sometimes wavered in his desire to persist with his plea, his motion to withdraw, filed approximately five months after he entered his plea, was not promptly filed. *See Carr,* 740 F.2d at 345. Akpan also has not shown his plea was coerced by counsel or induced by any improper promise by the Government. Finally, the correct standard is whether Akpan had the close assistance of counsel, *not* whether, as he contends, counsel was ineffective. *See McKnight,* 570 F.3d at 649. The record demonstrates that Akpan did receive such assistance. In sum, Akpan has not established that the court abused its discretion in denying his motion to withdraw. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

Akpan also contends the Government breached the plea agreement by asking for an increased loss amount at sentencing. He raises this issue, however, for the first time in his reply brief. We decline to consider it. *See United States v. Aguirre–Villa,* 460 F.3d 681, 683 n.2 (5th Cir. 2006); *see also* 5TH CIR. R. 47.5.3.

AFFIRMED.