# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2010

No. 07-40163
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO RODRIGUEZ, also known as Copi,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-65-2

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alberto Rodriguez appeals his conviction and 360-month sentence for conspiracy to possess with the intent to distribute more than five kilograms of cocaine, two counts of possession of a firearm by a felon, and possession with the intent to distribute more than five kilograms of cocaine. Rodriguez argues that the district court plainly erred in failing to excuse Juror Number 1 for cause after it was revealed that the juror was possibly related to the prosecuting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attorney.  He acknowledges that he did not object on this basis in the district court and that review is limited to plain error.

To show plain error, Rodriguez must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  If Rodriguez makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

The standard for determining whether a juror should be excused for cause is whether the "juror's views would prevent or substantially impair the performance of his duties." *Soria v. Johnson*, 207 F.3d 232, 242 (5th Cir. 2000) (internal quotation marks and citation omitted).  Bias may be actual or implied. *Solis v. Cockrell*, 342 F.3d 392, 395-96 & n.6 (5th Cir. 2003).

Rodriguez does not show actual or implied bias to justify the removal of Juror Number 1 from the jury.  The juror was unaware of the existence of any relationship with the prosecuting attorney until sometime after the conclusion of the first day of trial.  He stated that he did not recognize the prosecuting attorney and had never socialized with her.  Moreover, the juror was uncertain as to whether he was related to her.  He thought it was possible that he might be a second cousin of the prosecutor.  Juror Number 1 also stated that the possible relationship to the prosecutor would not impair his ability to be fair or listen to the evidence in a neutral manner.  Thus, the record does not support a finding of actual bias or a finding that Juror Number 1 was unable to act as an impartial juror.  *See Virgil v. Dreke*, 446 F.3d 598, 609 (5th Cir. 2006). Additionally, the possible relationship between Juror Number 1 and the prosecutor is not sufficiently close that it would inherently affect the juror's impartiality. *See Andrews v. Collins,* 21 F.3d 612, 620-21 (5th Cir. 1994).  The district court committed no error, plain or otherwise, in failing to remove Juror Number 1 from the jury.

Rodriguez also contends that the district court violated the principles announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), by basing his sentence on facts not found beyond a reasonable doubt by a jury. Specifically, Rodriguez refers to the drug quantity for which he was held responsible as relevant conduct, an upward adjustment under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during the offense, and an upward adjustment under U.S.S.G. § 3B1.1(a) for his role as a leader or organizer.

Rodriguez was not sentenced under the mandatory guidelines system, and the pre-*Booker* Sixth Amendment concern is no longer an arguable complaint. *See United States v. Johnson,* 445 F.3d 793, 797 (5th Cir. 2006). In the absence of the mandatory use of the Guidelines, the Sixth Amendment will not preclude a sentencing judge from finding all facts relevant to sentencing. *United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009). Rodriguez's argument is without merit.

For the first time in his reply brief, Rodriguez challenges the sufficiency of the evidence. He argues that the trial testimony of his wife was not credible. Rodriguez also makes general assertions that the Government failed to prove the elements of the offenses beyond a reasonable doubt. We decline to consider these arguments. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.