# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2011

No. 11-50264
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE JAQUEZ PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2720-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jorge Jaquez Perez (Jaquez) appeals from the 46-month sentence imposed by the district court following his conviction for illegal reentry. He argues only that this sentence, which falls at the bottom of the applicable guidelines range, is substantively unreasonable.

In *Gall v. United States*, 552 U.S. 38, 51 (2007), the Supreme Court established a bifurcated process for reviewing the reasonableness of a sentence. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). This

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court must determine whether the district court committed any procedural errors. *Gall*, 552 U.S. at 51. If the district court's decision is procedurally sound, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* Jaquez concedes, however, that he failed to object to the sentence following its imposition such that plain error review is appropriate. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

We have rejected Jaquez's argument that the use of a conviction both for determining a defendant's offense level as well as his criminal history score renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We likewise have rejected Jaquez's contention that a guidelines sentence under U.S.S.G. § 2L1.2 is unreasonable because illegal reentry is a mere trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Finally, we are unpersuaded by Jaquez's argument that the sentence imposed is unreasonable because it fails to give sufficient weight to the facts that he was culturally assimilated in the United States and that he returned to the United States to visit his family. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). He fails to show plain error. *See Peltier*, 505 F.3d at 391-92.

AFFIRMED.