**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 21, 2012

Lyle W. Cayce
Clerk

No. 11-51096
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE DANIEL GARCIA, also known as Jose Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-10-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jorge Daniel Garcia pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 57 months of imprisonment and three years of supervised release. Garcia argues that his sentence is unreasonable based on the particular facts of his case and as measured by the factors in 18 U.S.C. § 3553(a). He argues that U.S.S.G. § 2L1.2 double counts criminal history and produces a sentencing range that overstates the seriousness of the offense, which is by nature a trespass offense. He also argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines range failed to reflect his personal history and characteristics, including the fact that he had lived in the United States since he was 16, was the father of three young children, and that his motive for returning was to be with his family and to support them.

Although Garcia did not expressly object at sentencing to the substantive reasonableness of his sentence, he did assert specific arguments in favor of a variance; his arguments then are substantively identical to his assertions on appeal. He also repeated the request for a variance after the district court imposed the sentence. We do not need to decide whether Garcia's objection was sufficient to preserve the issue because Garcia has not shown that the district court's imposition of a within-Guidelines sentence of 57 months was improper under either the deferential *Gall* standard of review or the plain-error review of *Peltier*. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement. *See* U.S.S.G. § 2L1.2 cmt. n.6. Such double-counting does not necessarily render a sentence unreasonable. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Thus, Garcia's argument that his Guideline range was greater than necessary to meet § 3553(a)'s goals as a result of "double counting" of criminal history fails. We have previously rejected the argument that illegal reentry is a trespass offense that is treated too harshly under § 2L1.2. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Likewise, Garcia's contention that his sentence failed to reflect his personal history and characteristics – that he came to this country as a teenager and returned to be with his family – does not show that his sentence is unreasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (affirming the denial of a downward variance where the defendant argued that he had lived in the United States from infancy until age 51 and that he returned to see his dying father).

No. 11-51096

The district court heard the arguments of Garcia and his counsel for a variance before imposing a sentence within the advisory guideline range. The district court considered Garcia's personal history and characteristics noted above and the other statutory sentencing factors in § 3553(a), in particular Garcia's serious criminal history, prior to imposing a sentence within the Guidelines. Garcia's within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Garcia has not overcome this presumption and has not shown that the district court's imposition of a within-guidelines sentence of 57 months was an abuse of discretion under the deferential *Gall* standard of review, or plain error under *Peltier*. *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 391-92. Accordingly, the judgment of the district court is AFFIRMED.