# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2012

Lyle W. Cayce
Clerk

No. 11-51273
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANKLIN ROBERTO CENTENO-NUNEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-939-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Franklin Roberto Centeno-Nunez (Centeno) appeals his conviction of illegal reentry following removal pursuant to 8 U.S.C. § 1326. He contends that his sentence of 70 months of imprisonment, which was within the guidelines sentencing range, was substantively unreasonable. Within his reasonableness contention, Centeno argues that the plain error standard of review should not apply despite his failure to object to the reasonableness of his sentence and that sentences calculated pursuant to the illegal reentry guideline, U.S.S.G. § 2L1.2,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should not be presumed to be reasonable because that guideline is not empirically based. As Centeno concedes, those contentions are foreclosed. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (holding that plain error review applies)*; United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir. 2009) (rejecting empirical basis argument). We also have rejected Centeno's argument that the Guidelines overstate the seriousness of illegal reentry because it is simply an international trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Next, Centeno argues that a lesser sentence would have served the purposes of 18 U.S.C. § 3553(a) in light of his age, the commission of his previous crimes while he had a drinking problem, the lack of any previous illegal reentry convictions, his understanding that he cannot return to the United States, and his remorse. The district court emphasized the escalation of Centeno's prior offenses from non-violent to violent when rejecting the request for a sentence below the guidelines range. The district court implicitly rejected Centeno's arguments that his age, his remorse, and his intoxication when committing the assault crime justified a lower sentence. The district court's reasoning implicated Centeno's history and his possibly violent proclivities, which are factors § 3553(a) indicates are appropriate to consider. *See* § 3553(a)(1)&(2)(B)-(C). Centeno has not shown that the district court made a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). His arguments constitute a disagreement with the weighing of those factors; he essentially is asking us to reweigh the 3553(a) factors, which we may not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.