**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2013

Lyle W. Cayce
Clerk

No. 12-50272
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERICK PUNTOS-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1516-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Erick Puntos-Hernandez (Puntos) appeals the 44-month within-guidelines sentence imposed upon his guilty plea conviction for illegal reentry. *See* 8 U.S.C. § 1326. He argues that his sentence was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and was therefore unreasonable. Puntos complains that for illegal reentry (unlike other offenses), the defendant's criminal record is counted in both the offense level calculation and the criminal history score. The illegal reentry guideline produced a sentencing range that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

overstated the seriousness of his illegal reentry offense, failed to provide just punishment, and undermined respect for the law, he argues. His 44-month sentence, he argues, was excessive and created an unwarranted disparity in sentencing when compared to the 2010 median sentence of 15 months for illegal reentry. He notes that his illegal reentry offense was not a crime of violence or of moral turpitude, but rather, was a statutory violation. Finally, argues Puntos, the high guideline range of imprisonment did not reflect his personal history and characteristics in that he apologized to the court and promised not to return to the United States again.

Since Puntos did not raise any objections to his sentence, review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Puntos's argument that the illegal reentry guideline is "problematic" because it accounts for a prior conviction in both his criminal history and his offense level is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). This court has rejected the argument that the Guidelines overstate the seriousness of illegal reentry because it is simply an international trespass offense (or, as Puntos calls it, a statutory violation). *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The record reveals that, contrary to Puntos's assertion, the district court did take into consideration his personal history and circumstances, i.e., his apology to the court, his promise not to return, that he has only nine years of education, that he was married and has a child, that the child's mother (his ex-wife) explained the circumstances behind his 2003 family violence conviction, and that the conviction was more than nine years old. Moreover, Puntos has not shown that his sentence does not account for a factor that should have received significant weight, "gives significant weight to an irrelevant or improper factor," or "represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He has therefore failed to rebut the presumption of reasonableness applicable to his sentence. *See id.*

The district court did not err, much less plainly err, in imposing a sentence within the properly calculated guideline range. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.