**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 19, 2013

Lyle W. Cayce
Clerk

No. 12-51234
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANTONIO RAMIREZ, also known as Jose Ramirez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-2256-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Ramirez pleaded guilty to illegal reentry after deportation
in violation of 8 U.S.C. § 1326 and was sentenced to 71 months of imprisonment
and three years of supervised release. Ramirez challenges the substantive
reasonableness of his sentence, arguing that his sentence is unreasonable
because it is greater than necessary to achieve the sentencing goals of 18 U.S.C.
§ 3553(a). He argues that the guidelines range overstated the seriousness of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

offense, which was essentially a trespass, and failed to account for his benign motive for reentering to be with his family.

Because Ramirez did not make any objections to his sentence or argue in the district court that his sentence was unreasonable, his arguments are reviewable only for plain error. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (requiring objection to substantive unreasonableness of sentence to preserve error). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett*, 556 U.S. at 135. If the appellant makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 135.

We have previously rejected the argument that illegal reentry is merely a trespass offense that is treated too harshly under U.S.S.G. § 2L1.2. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). The district court heard the arguments of Ramirez's counsel concerning his reasons for reentering the United States before imposing a sentence within the advisory guidelines range. The district court considered Ramirez's personal history and characteristics and the other statutory sentencing factors in § 3553(a), in particular Ramirez's criminal history of robbery offenses, prior to imposing a sentence within the Guidelines. The within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Ramirez's argument concerning his benign motive for reentry to be with his family fails to rebut that presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Ramirez has not shown that the district court's imposition of a within-guidelines sentence of 71 months constituted plain error. *See Peltier*, 505 F.3d at 391-92. Accordingly, the judgment of the district court is AFFIRMED.