**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 22, 2013

Lyle W. Cayce
Clerk

No. 12-50889
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN JAVIER CASTRO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:12-CR-231-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Steven Javier Castro appeals his below-guidelines sentence imposed following his guilty plea to illegal reentry. He argues that his sentence was substantively unreasonable. Our review is for plain error only. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Castro's argument that the illegal reentry guideline is not empirically based and results in a "double counting" of his criminal history is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). His argument

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the advisory guidelines range overstated the seriousness of his nonviolent illegal reentry offense has also been rejected by this court and is foreclosed. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Insofar as Castro argues that the sentence imposed was greater than necessary to meet the goals of 18 U.S.C. § 3553(a) based on the unique circumstances underlying his offense, he has not shown that the district court's downward variance was plainly erroneous. *See Peltier*, 505 F.3d at 91-92. When resort is had to the record as a whole, it cannot be said that the district court erred or deviated from a legal rule by imposing a 10-month downward variance from the advisory guidelines range. *See United States v. Olano*, 507 U.S. 725, 732–33 (1993). Castro's argument is, at its essence, a disagreement with the district court's weighing of the § 3553(a) factors, and, as such, he has not shown that the district court erred on that basis. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.