**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 30, 2013

Lyle W. Cayce
Clerk

No. 12-51278
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADOLFO REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-800-1

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Adolfo Reyes pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 34 months of imprisonment and three years of supervised release. Reyes challenges the substantive reasonableness of his sentence, arguing that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He argues that the guidelines range overstated the seriousness of the offense, which was essentially a trespass. He contends that his 34-month sentence overstated his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history, his risk of recidivism, his danger to the public, and the seriousness of his offense, and that the district court misweighed the § 3553 factors.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). A within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). We have rejected the argument that illegal reentry is merely a trespass offense that is treated too harshly under U.S.S.G. § 2L1.2. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). The district court considered Reyes's personal history and characteristics and the other statutory sentencing factors in § 3553(a), in particular Reyes's criminal history of a conviction for attempted robbery, numerous DUI offenses, and a resisting arrest offense, and determined that he was a danger to the public. Reyes's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Reyes has not demonstrated that the district court abused its discretion by sentencing him to a within-guidelines sentences of 34 months. *See Gall*, 552 U.S. at 51. The judgment of the district court is AFFIRMED.