# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 9, 2013

Lyle W. Cayce
Clerk

No. 13-50017
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CHAVEZ-ALDABA, also known as Isais Rivera-Aguilerra,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-390-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Chavez-Aldaba appeals the 36-month, non-guidelines sentence imposed following his guilty plea conviction for illegally reentering the United States after having been removed. His sole claim on appeal is that his sentence is substantively unreasonable.

Because Chavez-Aldaba does not contend that the district court committed any procedural error in imposing the sentence, our review is confined to whether the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

51 (2007).  After *United States v. Booker*, 543 U.S. 220 (2005), sentences are ordinarily reviewed for substantive reasonableness under an abuse of discretion standard.  *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010). Because Chavez-Aldaba failed to challenge the reasonableness of his sentence on the same grounds that he raises on appeal, however, we review the substantive reasonableness of his sentence for plain error.  *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Chavez-Aldaba argues that the illegal reentry Guideline, U.S.S.G. § 2L1.2 — which he contends has had a "problematic development" — double-counted his criminal history and overstated the seriousness of his illegal reentry offense, resulting in a guidelines range that was greater than necessary to satisfy the sentencing goals of § 3553(a).  Any argument that § 2L1.2 is not empirically based is foreclosed by this court's precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  Further, we have repeatedly rejected the arguments that a sentence imposed pursuant to § 2L1.2 is greater than necessary to meet § 3553(a)'s goals as a result of any double counting inherent in that Guideline, *see id.* at 529-31, and that § 2L1.2 overstates the seriousness of illegal reentry because it is an international trespass offense, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  In addition, although Chavez-Aldaba contends that there were mitigating factors for his reentry into the United States, the district court did not fail to take those factors into account.

Accordingly, because we find no error, plain or otherwise, the district court's judgment is AFFIRMED.