# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 9, 2013

No. 12-51300
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIPE RODRIGUEZ-RESENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-259-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Felipe Rodriguez-Resendez (Rodriguez) appeals from his within-guidelines sentence of 77 months of imprisonment, which the district court imposed following Rodriguez's guilty-plea conviction for illegal reentry into the United States after deportation. He challenges the substantive reasonableness of his sentence, arguing that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a), because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

illegal reentry guideline includes prior convictions in arriving at the offense level, and because illegal reentry is no more than an international trespass.

We review sentences for substantive reasonableness under an abuse of discretion standard and accord within-guidelines sentences a presumption of reasonableness. *Gall v. United States*, 552 U.S. 38, 49-51 (2007); *Rita v. United States*, 551 U.S. 338, 347 (2007). We have rejected the argument that illegal reentry is merely a trespass offense that is treated too harshly under U.S.S.G. § 2L1.2. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Further, Rodriguez's dissatisfaction with the Sentencing Commission's decision to place significant emphasis on prior convictions in illegal reentry cases does not render his sentence, imposed in line with that policy, beyond the discretion of the district court. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Additionally, Rodriguez's disagreement with the district court's weighing of the 18 U.S.C. § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Rodriguez has not demonstrated that the district court abused its discretion in sentencing him. *See Gall*, 552 U.S. at 51. The judgment of the district court is AFFIRMED.