# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50785
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILFREDO FRANCISCO RAMIREZ-FIGUEROA, also known as Wilfredo Figueroa, also known as Ricardo Barrientos, also known as Wilfredo Ramirez, also known as Israel Rosas-Ramon, also known as Wilfredo Francisco Figueroa, also known as Wilfredo Francisco Ramirez-Figueroa, also known as Wilfredo Figueroa Ramirez, also known as Wilfredo Francisco Figueroa-Ramirez, also known as Wilfredo Figueroa-Ramirez, also known as Wilfredo Ramirez Figueroa,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CR-135

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Wilfredo Francisco Ramirez-Figueroa challenges his 70-month sentence imposed following his guilty-plea conviction for illegal reentry into the United

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-50785

States after removal, in violation of 8 U.S.C. § 1326(a) and (b)(2). Ramirez contends his sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Along that line, he asserts the court failed to consider his reentry offense was a nonviolent crime, and his reason for returning was benign. Additionally, Ramirez maintains his sentence is not entitled to a presumption of reasonableness because the illegal reentry Guideline, § 2L1.2, is not empirically based, given that it double-counts a defendant's criminal history. He notes that, at the time of his prior illegal-reentry conviction, he received a 12-level sentencing enhancement based on his prior drug offenses; however, the same convictions now qualify for a 16-level enhancement because of a subsequent revocation sentence, although the facts underlying those convictions have not changed.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Regarding Ramirez' substantive-unreasonableness claim, his 70-month sentence is within the advisory-Guidelines sentencing range; therefore, it is entitled to a presumption of reasonableness. *E.g., United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper

2

No. 15-50785

factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

As he concedes, Ramirez' assertion the presumption does not apply, based on his claim Guideline § 2L1.2 is not empirically based, is foreclosed by our precedent.  (He raises the issue only to preserve it for possible further review.)  *E.g., United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009). Additionally, our court has repeatedly rejected his assertions that:  double-counting of prior convictions necessarily renders a sentence unreasonable; and, the Guidelines overstate the seriousness of illegal reentry.  *E.g., id.* at 529–30; *United States v. Aguirre-Villa*, 460 F.3d 681, 682–83 (5th Cir. 2006).

Moreover, the district court examined, *inter alia*, Ramirez' motive for reentering the United States, as well as his criminal and personal history, before pronouncing sentence. General disagreement with the propriety of his sentence and the court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness.  *See Cooks*, 589 F.3d at 186; *United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008).

AFFIRMED.