# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-51051
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VICTOR ALEJANDRO MANCHA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-174-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Victor Alejandro Mancha appeals his sentence of 36 months' imprisonment following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He contends the district court's upward variance from the advisory Sentencing Guidelines range of 8 to 14 months was substantively unreasonable. (He does not claim procedural error.)

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-51051

Although the reasonableness of a sentence is ordinarily reviewed for abuse of discretion, plain error review applies if the defendant fails to object in district court. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (ordinarily abuse of discretion); *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012) (without objection, plain error). As Mancha concedes, plain-error review applies in this instance. (Mancha highlights a circuit split regarding whether an objection to the reasonableness of a sentence is required to preserve the issue. He raises this issue to preserve it for possible future review.)

Under the plain-error standard of review, Mancha must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* For the reasons that follow, Mancha fails to show reversible plain error.

Mancha contends his sentence is substantively unreasonable because it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). He maintains: his prior conviction for attempted abuse of a child was remote in time; his other prior convictions were misdemeanors; his sentence overstates the seriousness of illegal reentry; and his sentence fails to account for his personal circumstances.

The court listened to urged mitigating factors regarding Mancha's motive for reentry and concluded the advisory Guidelines sentencing range was inadequate, based on his criminal history. "A defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline sentence." *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). Moreover, because the court was aware of, and considered, the urged mitigating factors when it imposed the sentence, Mancha's contention that the

sentence failed to account for his personal circumstances is without merit. (Along that line, the court granted Mancha's objection to the 12-level enhancement recommended by the presentence investigation report for his prior attempted child-abuse conviction; Mancha contended the conviction was not a crime of violence.)

As for Mancha's contention that his sentence overstates the seriousness of his illegal-reentry offense, noting the act was non-violent, our court has rejected that contention repeatedly. *E.g.*, *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Additionally, as to the upward variance to 36 months from the advisory sentencing range of 8 to 14 months, our court has affirmed much greater variances and departures in other cases. *See, e.g.*, *United States v. McElwee*, 646 F.3d 328, 342–43 (5th Cir. 2011); *United States v. Saldana*, 427 F.3d 298, 315–16 (5th Cir. 2005).

AFFIRMED.