# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41623
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

August 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABEL BECERRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-1048-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Abel Becerra was convicted of being found in the United States after a previous deportation and was sentenced above the guidelines range to 28 months of imprisonment. Becerra argues on appeal that his case should be remanded to the district court for the limited purpose of reforming the statement of reasons to match the district court's oral justification for imposing his above-guidelines sentence. He contends that the district court orally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed an upward variance at sentencing, but the statement of reasons reflects that the district court granted the Government's motion to upwardly depart pursuant to U.S.S.G. § 5K2.0(a)(2).

Federal Rule of Criminal Procedure 36 states, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The nature of the above-guidelines sentence orally imposed by the district court in this case is ambiguous. Accordingly, the district court's reliance in the statement of reasons on § 5K2.0(a)(2) as the basis for departure cannot be characterized as a mere clerical error that can be reformed under Rule 36.

In response to the Government's argument that the district court orally imposed a § 5K2.0 upward departure, rather than an upward variance, Becerra argues for the first time in his reply brief that the district court committed plain error in applying a § 5K2.0(a)(2) upward departure. However, we will not consider this argument because it is being raised for the first time in a reply brief. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006). Although Becerra contends that his argument should be considered because it is being made in response to the Government's "unexpected" argument that the district court was imposing an upward departure, the Government's brief did not address the issue whether the application of such an upward departure was procedurally reasonable.

Accordingly, the district court's judgment is AFFIRMED.