# United States Court of Appeals for the Fifth Circuit

—————————

No. 23-50629
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mike Garcia,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-47-20

———————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Mike Garcia, federal prisoner # 11689-280, appeals the denial of his motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Garcia argued that he warranted a reduced sentence in light of his medical conditions and psychological trauma, but the district court determined that granting Garcia relief would not adequately reflect the seriousness of his

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The district court also determined that an early release was not necessary to provide Garcia with needed medical care. *See* § 3553(a)(2)(D).

Section 3582(c)(1)(A) permits a district court to reduce or modify a term of imprisonment, probation, or supervised release if "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). Even if a prisoner offers extraordinary and compelling circumstances warranting a sentence reduction, he still "must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors." *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).

Garcia fails to show that the district court abused its discretion by denying compassionate release. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). He fails to address in any cogent manner the district court's consideration of the § 3553(a) factors or argue that consideration thereof would support his claim for compassionate relief and has therefore waived any argument that the court erred in that dispositive determination. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010). Even pro se appellants must still brief the relevant issues. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). To the extent Garcia attempts to make a § 3553(a) argument for the first time in his reply brief, we decline to consider it. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006). And even were we to do so, Garcia still fails to show an abuse of discretion warranting relief on appeal because he addresses, at most, only one of the several § 3553(a) factors on which the district court relied in denying relief.

The judgment is AFFIRMED.