**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 11, 2012

Lyle W. Cayce
Clerk

No. 11-50853
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAFAEL GUTIERREZ-DIAZ, also known as Rafael Gutierrez, also known as
Luis Angel Ortiz-Morales,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3-11-CR-1272-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rafael Gutierrez-Diaz has appealed his sentence for illegal reentry following deportation (Count One) and false personation when applying for admission to the United States (Count Two). The district court imposed the lowest within-guidelines sentence, a term of 57 months of imprisonment and three years of supervised release. Gutierrez-Diaz argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing goals of 18 U.S.C. § 3553(a). He does not suggest that the district court committed a procedural error in calculating the applicable guideline range, but he argues that the illegal reentry guideline, U.S.S.G. § 2L1.2, is flawed because it double counts the defendant's criminal history. He contends that the Guidelines overstate the seriousness of his illegal reentry offense, which he characterizes as nothing more than an international trespass. Finally, Gutierrez-Diaz argues that the Guidelines did not account for his personal history and circumstances and that the district court did not give enough weight to these factors.

Because Gutierrez-Diaz did not object at sentencing or argue in the district court that his sentence was unreasonable, we review his arguments for plain error. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The Sentencing Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement. *See* U.S.S.G. § 2L1.2, cmt. n.6. We have rejected the argument that such double counting necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected the argument that the Guidelines overstate the seriousness of illegal reentry because it is simply an international trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court considered Gutierrez-Diaz's sentencing arguments and his reasons for returning to the United States before determining that a within-Guideline sentence was appropriate. The court imposed the lowest sentence in the advisory guideline range. Gutierrez-Diaz has not shown that the district court considered any irrelevant or improper factors, that it made an error in judgment in weighing the § 3553(a) factors, or that it did not account for a factor that should receive significant weight. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court did not abuse its discretion, much less

plainly err, in imposing a sentence within the advisory guideline range. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007).

Accordingly, the judgment of the district court is AFFIRMED.