**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2012

Lyle W. Cayce
Clerk

No. 11-50921
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO MORALES-DOMINGUEZ, also known as Gerardo Vitela-Olvera,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1596-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pedro Morales-Dominguez was convicted of illegal reentry into the United States and sentenced to serve 82 months in prison. He now challenges his sentence as unreasonable. Under Morales-Dominguez's view, his sentence is greater than necessary to achieve the aims of 18 U.S.C. § 3553(a) because double counting of his prior illegal entry offenses resulted in an overstated criminal history, because he came here to help his former wife, and because he had lived in this country for a long time. Additionally, he complains that the illegal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reentry Guideline is not empirically based and that the guidelines range is too harsh because his offense was only a trespass.  Because Morales-Dominguez did not object to his sentence, we review his arguments for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Under this standard, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 134-35 (2009).  If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  This standard has not been met.

Insofar as Morales-Dominguez argues that the district court erred by not according enough weight to certain sentencing factors, this argument amounts to no more than a disagreement with the district court's weighing of these factors, which shows no error in connection with the sentence imposed.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see also United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  To the extent he contends that this court should reweigh the § 3553(a) factors, we decline to do so.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  The remaining arguments raised by Morales-Dominguez are unavailing because they have been rejected by this court on prior occasions.  *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006); *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).  The judgment of the district court is AFFIRMED.