# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 13, 2013

Lyle W. Cayce
Clerk

No. 12-50449
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDDER GREGORIO ORTEGA-ALVARADO,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-110-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Edder Gregorio Ortega-Alvarado pleaded guilty to illegally reentering the United States after having been removed, in violation of 8 U.S.C. § 1326, and received 46 months' imprisonment. Contesting only the substantive reasonableness of his sentence, which is at the bottom of the advisory Guidelines sentencing range, Ortega contends his sentence is greater than necessary to accomplish the sentencing goals provided in 18 U.S.C. § 3553(a); he does not claim procedural error by the district court in imposing his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.,* *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). As noted, Ortega does not claim procedural error.

Regarding his claim of substantive unreasonableness, Ortega contends Guideline § 2L1.2 results in an excessive sentence because it is not empirically based, and his reentry amounts to a mere international trespass. Our court has consistently rejected both contentions. *E.g.*, *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009) (rejecting empirical-basis contention); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (rejecting international-trespass contention). (Ortega concedes the lack-of-empirical-basis claim is foreclosed; he raises it only to preserve it for possible further review.)

Ortega contends also his sentence is excessive because Guideline § 2L1.2: resulted in double-counting; established an advisory Guidelines range overstating the seriousness of his offense of conviction; and failed to account for his cultural assimilation, his benign motives for reentering the United States, and his reentering under duress. At sentencing, the district court considered: the advisory Guidelines sentencing range; Ortega's request for a downward variance and his statement in allocution; the Government's request for a within-Guidelines sentence; and the § 3553(a) factors. It determined a 46-month sentence was appropriate. The record reflects the court made an individualized determination, based on the facts presented, in the light of the § 3553(a) sentencing factors. *See Gall*, 552 U.S. at 50.

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.

2006); *Rita v. United States*, 551 U.S. 338, 347 (2007). Ortega has not shown the court failed to give proper weight to his contentions or to any particular § 3553(a) factor. *E.g.*, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Therefore, he fails to show that the court abused its discretion, *see Gall*, 552 U.S. at 51, and fails to rebut the presumption of reasonableness that attached to his within-Guidelines sentence. *E.g.*, *Alonzo*, 435 F.3d at 554-55; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.