# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2013

No. 12-50897
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO ARMANDO PENA-VAQUERA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1113-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Sergio Armando Pena-Vaquera (Pena) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. Pena argues that his sentence is substantively unreasonable because it is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He maintains that his within-guidelines range sentence should not be considered presumptively reasonable because the Guideline under which he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was sentenced, U.S.S.G. § 2L1.2, is not empirically based, but he acknowledges that this argument is foreclosed.  He contends that the lack of an empirical basis for § 2L1.2 makes advisory guidelines ranges under § 2L1.2 excessive even in "mine-run" cases.  He asserts that his guidelines range was greater than necessary because § 2L1.2 double counted his prior convictions and because his offense was a mere trespass.  He contends that the sentence failed to account for his personal history and characteristics because it did not reflect sufficient consideration for his returning to the United States because his father was ill, his cultural assimilation, and his wife's decision to relocate with him to Mexico after his sentence is served.

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  As Pena concedes, his argument that his within-guidelines range sentence should not be considered presumptively reasonable because § 2L1.2 is not empirically based is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

The district court considered and rejected Pena's arguments for a below guidelines range sentence.  With explicit reference to the § 3553(a) factors of promoting the respect of law, providing for the safety of the community, and deterrence, it determined that a sentence within the guidelines range was appropriate.  The international trespass and the double counting of prior convictions arguments that Pena raises have both been previously raised in this court without success.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006); *Duarte*, 569 F.3d at 529-31.  As Pena was sentenced within the guidelines range, the sentence is entitled to a presumption of reasonableness, and Pena has not shown sufficient reason for us to disturb that

No. 12-50897

presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.