# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50394
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JOSE LUIS GAMEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-21-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Jose Gamez pleaded guilty of illegal reentry following deportation in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of 8 U.S.C. § 1326 and was sentenced within the guideline range to fifty-seven months of imprisonment.  For the first time on appeal, he challenges the reasonableness of his sentence, claiming it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).  Gamez contends that the illegal-reentry guideline, U.S.S.G. § 2L1.2, is not empirically based and double-counts criminal history.  He additionally argues that the presumption of rea-sonableness should not apply to a sentence based on that guideline, but he concedes that the argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), and he raises the issue to preserve it for possible further review.  He further argues that the rec-ommended guideline range overstated the seriousness of the offense and failed to account for his personal circumstances and motive for reentry.

Because Gamez did not contest reasonableness in the district court, his argument is reviewable for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Gamez acknowledges that his failure to object results in the application of the plain-error standard of review, conceding that the issue is foreclosed by *Peltier*; he notes that the circuits are divided on whether a failure to object to the reasonableness of the sentence upon its imposition requires plain-error review, and he seeks to preserve the issue for possible review by the Supreme Court.

As Gamez correctly concedes, the argument that the presumption of rea-sonableness should not apply to his sentence because § 2L1.2 lacks empirical support has been rejected by this court.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *see also Mondragon-Santiago*, 564 F.3d at 366-67.  Gamez's argument that his guideline range was greater than necessary to meet § 3553(a)'s goals as a result of "double counting" is likewise unavailing.  *See Duarte*, 569 F.3d at 529-31.  This court has also previously rejected the notion

that illegal reentry is merely a trespass offense that is treated too harshly under § 2L1.2. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The record reflects that the district court considered Gamez's mitigation arguments but rejected them in favor of a guideline sentence. The within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Gamez's contention concerning his motive for reentry fails to rebut the presumption of reasonableness attached to his within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Gamez has failed to show that the sentence is plain error. *See Peltier*, 505 F.3d at 391-92. Accordingly, the judgment is AFFIRMED.