# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50420
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS EGUINO-ORDUNO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-143-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Eguino-Orduno pleaded guilty, without the benefit of a plea agreement, to illegal reentry. The district court imposed a 48-month prison term, which was within the advisory guidelines range, to be followed by three years of supervised release. Eguino-Orduno now challenges the substantive reasonableness of his sentence, contending that the court committed a clear error in judgment in balancing the relevant sentencing factors. Specifically,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he argues that the sentence overstated the seriousness of his criminal history—two 1992 convictions for second degree murder, which he committed when he was 19 years old—and failed to account for his rehabilitation, his motive for returning to the United States, and that he is unlikely to reenter the United States again. He also faults the court for failing to consider that the guideline that he was sentenced under—U.S.S.G. § 2L1.2—lacks an empirical basis and thus, in his view, produced a sentencing range greater than necessary to reflect the seriousness of his offense, which, he maintains, amounted to a mere international trespass. The parties disagree about the applicable standard of review. Because Eguino-Orduno fails under an abuse-of-discretion review, we need not reach this issue.

In the district court, Eguino-Orduno argued for a below-guidelines sentence. The district court was well aware of the effect that Eguino-Orduno's prior convictions had on the calculation of the guidelines range. Eguino-Orduno argued to the district court that his young age at the time of his earlier crimes, the context of earlier crimes, the changes that he had made in his life since then,[1] his motivation for returning to the United States, and his avowal to never return again militated in favor of a more lenient prison sentence, but nonetheless the district court imposed a sentence within the guidelines range.

"[T]he sentencing court is in a better position to find facts and judge their import . . . ." *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011) (internal quotation marks and citation omitted). Eguino-Orduno's within-guidelines sentence is presumptively reasonable. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant

---

[1] On appeal, Eguino-Orduno emphasizes his rehabilitation to a greater degree than he did before the district court, but information regarding his rehabilitation was reflected in the presentence investigation report.

weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.* at 186.

As for Eguino-Orduno's arguments that the court should have given him a lower sentence because § 2L1.2 lacks an empirical basis and so produced a sentencing range greater than necessary to reflect the seriousness of his offense, it was within the district court's discretion to determine that the illegal reentry guideline generated a guidelines range that was too high, *see United States v. Gomez-Herrera*, 523 F.3d 554, 557 n.1 (5th Cir 2008), but this reality does not overcome the presumption of reasonableness. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009). With regard to Eguino-Orduno's contention that illegal reentry amounts to a mere trespass offense, we have implicitly rejected the assertion that this characterization of the offense renders a within-guidelines sentence unreasonable. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). When we consider Eguino-Orduno's sentence in light of the deference set forth in *Gall v. United States*, 552 U.S. 38, 51 (2007), none of Eguino-Orduno's contentions rebuts the presumption that his within-guidelines sentence is reasonable, and he has not shown that the district court abused its discretion.

AFFIRMED.