# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50871
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO MONJARAS-NEGRETE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-426-1

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Antonio Monjaras-Negrete appeals the within-guidelines, 41-month sentence imposed for his guilty plea conviction of illegal reentry. He contends that his sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). However, since

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50871

Monjaras-Negrete did not object to the substantive reasonableness of the sentence, we review his claim of error for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Peltier*, 505 F.3d 389, 390-92 (5th Cir. 2007).

Monjaras-Negrete's arguments fail to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). We have rejected the argument that § 2L1.2's double-counting of a prior conviction in the calculation of a defendant's offense level and criminal history score necessarily render a sentence unreasonable. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected substantive reasonableness challenges based on the alleged lack of seriousness of illegal reentry. *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). The argument that his sentence was made unreasonable because the government sought a sentence at the high end of his properly calculated guideline range is devoid of merit. In any event, the district court sentenced Monjaras-Negrete at the lowest end of the guideline range.

There was no error, plain or otherwise, with respect to the substantive reasonableness of the sentence. The judgment of the district court is AFFIRMED.