# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2014

Lyle W. Cayce
Clerk

No. 14-50619
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ADRIAN GARCIA-CANO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-434-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jesus Adrian Garcia-Cano appeals the 10-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that his sentence is substantively unreasonable because it fails to account for his cultural assimilation, the fact that his longest sentence prior to the instant sentence was six months, and the fact that his motive for returning to the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50619

United States was to avoid violence and to be with and support his family.  He recognizes that his argument that his within-guidelines sentence is not entitled to a presumption of reasonableness because U.S.S.G. § 2L1.2 is not empirically based is foreclosed by this court's precedent, *see United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), but he wishes to preserve the issue for Supreme Court review.

Because Garcia-Cano did not argue in the district court that his sentence was unreasonable, his argument is reviewable for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *see also Puckett v. United States,* 556 U.S. 129, 135 (2009).  Garcia-Cano acknowledges that his failure to object to his sentence in the district court results in the application of the plain error standard of review, conceding that the issue is foreclosed by *Peltier*; however, he notes that the circuits are divided on whether a failure to object to the reasonableness of the sentence upon its imposition requires plain error review, and he seeks to preserve that issue for possible review by the Supreme Court.

As Garcia-Cano's sentence was within the guidelines range, a presumption of reasonableness applies.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  The district court considered the 18 U.S.C. § 3553(a) factors, including Garcia-Cano's criminal history and his personal history, before imposing the sentence.  After considering the totality of the circumstances, *see Gall v. United States*, 552 U.S. 38, 51 (2007), we conclude that Garcia-Cano has not shown that the district court erred, much less plainly erred, in imposing his sentence.  *See Rita v. United States*, 551 U.S. 338, 351 (2007); *Peltier*, 505 F.3d at 391-92; *see also United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  The judgment of the district court is AFFIRMED.