# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50358
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE RAUL BRUNO-SANDOVAL,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-929-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

In contesting his 52-month within-advisory Sentencing Guidelines-sentence, imposed following his conviction for illegal reentry, in violation of 8 U.S.C. §§ 1326(a) & 1326(b)(1)(2), Jose Raul Bruno-Sandoval challenges the substantive reasonableness of his sentence, asserting it is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a). In support, he contends the district court's application of Guideline § 2L1.2 (the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

illegal reentry Guideline) double-counts his prior conviction and fails to account for the nonviolent nature of his offense, which he describes as an "international trespass". Bruno also asserts the district court failed to account for his personal circumstances and the circumstances of this offense. In that regard, he states he returned to the United States for family reasons.

Although, at sentencing, Bruno objected to the substantive reasonableness of his sentence, subject to review for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 51 (2007), he claims, for the first time on appeal, that his sentence is substantively unreasonable as a result of Guideline § 2L1.2. Therefore, regarding § 2L1.2, review is only for plain error. *E.g., United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994). Under that standard, Bruno must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.* Nevertheless, regardless of whether review is for plain error or abuse of discretion, Bruno has identified no reversible error.

Bruno acknowledges his challenge to Guideline § 2L1.2 is foreclosed; he raises it only to preserve it for possible future review. *E.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 366-367 (5th Cir. 2009). Our court has also rejected his "double-counting" claim. *E.g., United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Similarly, our court is unpersuaded by the contention that the Guidelines fail to account for the nonviolent nature of an illegal reentry offense. *E.g., United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court considered Bruno's request for a lesser sentence but found that a sentence in the middle of the Guidelines-sentencing range was

appropriate. His contentions regarding mitigating factors and benign motive do not rebut the presumption of reasonableness. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.