# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50722
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR GARRON-MORALES, also known as Omar Carreon-Morales, also known as Faustino Omar Carreon-Morales,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CR-92

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Omar Garron-Morales appeals the 24-month sentence imposed following his guilty plea conviction for illegal reentry following prior removal. He argues that his sentence, which is in the middle of the applicable guidelines range, is greater than necessary to meet the sentencing objectives of 18 U.S.C. § 3553(a). Garron-Morales contests the application of U.S.S.G. § 2L1.2, the illegal reentry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guideline, on the basis that it double counts prior convictions, is not empirically based, and does not account for the nonviolent nature of his offense, which he asserts is an "international trespass." He also contends that the district court did not account for his personal circumstances, specifically that he reentered the United States to obtain custody of his children.

Garron-Morales did not object in the district court to the reasonableness of his sentence and, thus, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). However, even under the ordinary standard of review, he has not shown that his sentence was unreasonable.

As Garron-Morales acknowledges, his assertion that the presumption of reasonableness should not apply because § 2L1.2 lacks an empirical basis is foreclosed, and he raises it to preserve it for further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). We likewise have rejected his contention that a within-guidelines sentence is unreasonable because § 2L1.2 lacks an empirical basis and effectively double counts prior convictions. *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). Also, we have not been persuaded by the claim that the Sentencing Guidelines do not take into account the nonviolent nature of an illegal reentry offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

With regard to Garron-Morales's claim that his sentence did not reflect his personal circumstances, the district court considered his arguments that a lesser sentence was warranted on that ground and determined that a sentence within the guidelines range was proper. We must defer to the district court's sentencing decision, *see Gall v. United States*, 552 U.S. 38, 49-50, 51-52 (2007), and Garron-Morales has not demonstrated that the district court's presumptively reasonable choice of sentence was incorrect. *See United States*

No. 14-50722

*v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  His benign motive for returning to this country is insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.