# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 14-50876
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTOS VICTORINO MEMBRENO,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-69

—————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Santos Victorino Membreno pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 30 months of imprisonment and three years of supervised release. He argues that the sentence imposed by the district court was substantively unreasonable and greater than necessary. He further argues that the sentence constituted an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50876

abuse of discretion because it improperly double-counted previous convictions and unreasonably inflated his criminal history score.

Noting that the record reveals no objection to the sentence or to the alleged double-counting, Membreno concedes that the plain error standard of review applies. He is correct that his arguments are subject to plain error review. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The argument that his guidelines range was greater than necessary to meet 18 U.S.C. § 3553(a)'s goals as a result of giving too much weight to or "double counting" his criminal history is unavailing. The Guidelines provide for consideration of a prior conviction for both criminal history and the U.S.S.G. § 2L1.2 enhancement. *See* § 2L1.2, comment. (n.6). As Membreno concedes, we have rejected the argument that such double-counting necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Membreno suggests that the district court should have considered as a mitigating element the fact that illegal reentry is essentially a non-violent offense and that an extended term of imprisonment is disproportionate to the relative seriousness of the offense. We have also rejected the argument that illegal reentry is treated too harshly under § 2L1.2. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Membreno's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the weighing of those factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He has not demonstrated that the district court plainly erred in the imposition of his sentence. *See Peltier*, 505 F.3d at 391-92. The judgment of the district court is AFFIRMED.