# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2015

Lyle W. Cayce
Clerk

No. 15-50260
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENITO BARRERA-PATINO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-615-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Benito Barrera-Patino appeals the 64-month sentence imposed after his guilty plea conviction for illegal reentry. He asserts that his sentence, which is within the advisory guidelines range, is unreasonable. Barrera-Patino argues that his sentence is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) because U.S.S.G. § 2L1.2, the guideline that applies to offenses involving

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

illegal reentry, is not empirically based and results in prior convictions being unduly weighed and double counted.  He contends that sentences imposed pursuant to § 2L1.2 are not entitled to a presumption of reasonableness because the guideline is not empirically based; but he concedes that this contention is foreclosed by precedent.  *See United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009).

Barrera-Patino further urges that (1) his illegal reentry was not a violent crime but an international trespass, and (2) his sentence did not account for his personal history and characteristics or his benign motive for reentering the country (i.e., to visit his ailing mother).  We review a sentence for reasonableness, under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

The record reflects that the district court's sentencing decision was based on an individualized assessment of the facts in light of the § 3553(a) factors.  *See id.* at 49-51.  The district court's determination of the appropriate sentence is entitled to deference, and we may not reweigh its assessment of the § 3553(a) factors.  *Id.* at 51-52.  Barrera-Patino's claim that his sentence is unreasonable because § 2L1.2 lacks an empirical basis and double counts prior convictions is unavailing.  *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009).  Further, we have rejected the contention that the Sentencing Guidelines overstate the seriousness of illegal reentry when it is merely an international trespass crime.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  Barrera-Patino's motive for illegally reentering this country, even if benign, is insufficient to rebut the presumption of reasonableness that applies to his sentence.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.