# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50873
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO SAUCEDO-CANALES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-795-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gerardo Saucedo-Canales appeals the 27-month, within-guidelines sentence he received following his guilty plea to illegal reentry. He argues that the sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Saucedo-Canales contends that the illegal reentry guideline renders his sentence unreasonable because it is without empirical basis and impermissibly double counts his criminal history. He further

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50873

contends that his sentence excessively penalizes his offense, which is essentially one for international trespass, and he urges that the district court failed to adequately consider his personal history and circumstances, including that his prior lenient sentences show that his prior offenses were not serious, that he had not reentered for three years since his last reentry, and that he only reentered due to economic hardship.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). As he concedes, Saucedo-Canales's empirical-data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). We have likewise rejected the argument that a guidelines sentence under U.S.S.G. § 2L1.2 is unreasonable because illegal reentry is a mere trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Furthermore, Saucedo-Canales's sentence, which is at the bottom of the applicable guidelines range, is presumed reasonable. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d at 554, 565-66 (5th Cir. 2008).

Saucedo-Canales has not demonstrated that the district court abused its discretion by sentencing him to 27 months, the bottom of the applicable guidelines range. *See Gall*, 552 U.S. at 51. Consequently, the judgment of the district court is AFFIRMED.