# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30497
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM FRYE, also known as William Lekeith Frye,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-331-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William Frye appeals the sentence imposed upon revocation of his supervised release. He contends that the district court erred by failing to state reasons for the sentence, which exceeded the advisory range recommended under the guidelines policy statements. Reviewing for plain error, we conclude that the failure to state explicit reasons for the sentence was clear or obvious error. *See United States v. Whitelaw*, 580 F.3d 256, 259, 262 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30497

However, Frye has not shown prejudice as required to establish that the error affected his substantial rights. *See id.* at 264. He asserts that the failure to state reasons affects his substantial rights because he had no opportunity to present arguments or evidence as to the appropriate sentence. However, he does not explain how the court's failure to provide reasons prevented him from making arguments or offering evidence. Nor does he describe the arguments or evidence he would have presented.

Relying on *Whitelaw*, 580 F.3d at 263, Frye also contends that the district court's failure to give reasons affects his substantial rights because it impairs his ability to appeal the sentence and this court's ability to review it. The district court found that Frye was lying during the revocation hearing when he claimed that he did not know he was violating the conditions of his supervised release by traveling to Rhode Island instead of entering a halfway house in New Orleans. The court also detailed his lengthy history of criminal offenses and supervised release violations and reflected that he had engaged in "pattern of uncooperative behavior." It is clear that Frye's history and characteristics--i.e., his dishonesty, lack of cooperation, and past refusal to comply with the conditions of supervised release--were reasons for the above-guidelines sentence. *See* 18 U.S.C. § 3553(a)(1). The finding of a pattern of uncooperative behavior also indicates that the court imposed the sentence to afford adequate deterrence. *See* § 3553(a)(2)(B). Because the record allows Frye to challenge the sentence and this court "to conduct a meaningful appellate review," his argument is unavailing. *See Whitelaw*, 580 F.3d at 263-64 (quote on 264). Moreover, even if Frye had shown an effect on his substantial rights, we would not exercise our discretion to correct the error because nothing in the record suggests that the district court would impose a lighter sentence on remand. *See id.* at 264-65.

No. 16-30497

In his reply brief, Frye claims that he was denied the right of allocution. Ordinarily, we do not consider arguments raised for the first time in a reply brief. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006). Even if we were to consider the claim here, we would not exercise our discretion to correct the error, if any, under the applicable plain error standard of review. *See United States v. Avila-Cortez*, 582 F.3d 602, 604 (5th Cir. 2009). Frye was given the opportunity to allocute during his sentencing and a previous revocation hearing before the same judge, and he offers no explanation of what he would have said in mitigation of his sentence. *See id.* at 604-06.

AFFIRMED.