# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2022

Lyle W. Cayce
Clerk

No. 22-60080
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIO LESHUN JOHNSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:19-CR-76-1

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Antonio Leshun Johnson was sentenced to 120 months in prison following his guilty-plea conviction for possessing a firearm after a felony conviction. He reserved the right to appeal the district court's denial of his motion to suppress and now does so.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-60080

We review the district court's factual findings for clear error and its conclusions of law de novo. *See United States v. Reyes*, 963 F.3d 482, 487 (5th Cir. 2020). The evidence is to be viewed in the light most favorable to the prevailing party, and we are mindful that the district court was in a superior position to assess the credibility of witnesses who gave live oral testimony. *See United States v. Gibbs*, 421 F.3d 352, 356-57 (5th Cir. 2005).

Although Johnson suggests that the district court should have credited his testimony over that of the police witnesses, he fails to show that it clearly erred by not doing so. *See id.* Nor does he show that the stop at issue was unreasonably prolonged. *See Reyes*, 963 F.3d at 487. Since the officers' testimony shows they had a reasonable suspicion of impaired driving that was not dispelled by their initial questioning of Johnson, we reject Johnson's argument that they unreasonably prolonged the stop.

Johnson also contends that it was unreasonable for police to instruct him to exit his car. But that argument is foreclosed by *Pennsylvania v. Mimms*, 434 U.S. 106, 108–12 (1977). Johnson attempts to distinguish *Mimms* by arguing that safety concerns did not motivate the officers here. But when police "do no more than they are objectively authorized and legally permitted to do, their motives in doing so are irrelevant." *United States v. Causey*, 834 F.2d 1179, 1184 (5th Cir. 1987) (en banc); *see also id.* at 1185 ("[I]n a case where the officers have taken no action except what the law objectively allows[,] their subjective motives in doing so are not even relevant to the suppression inquiry."). Here, objectively reasonable suspicion of impaired driving and traffic violations gave police legal justification for conducting a stop and, by extension, for ordering Johnson out of his car.

We decline to consider the argument raised for the first time in Johnson's reply that police lacked initial justification for a stop. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006). We also do not

address the pat down of Johnson's person or the inventory search of his car because he has abandoned those issues by failing to brief them. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

AFFIRMED.